STATE OF MINNESOTA,

*v.*

G. ADDISON BROWN.

Extortion is made a misdemeanor by our Statutes, and is therefore indictable.

While our Statutes dispense with mere formality or technicality, they require certainty in every material allegation or charge in an indictment. Where an indictment for extortion charges that a defendant took certain illegal fees, "by color of office," it is not sufficient, if it does not show by color of what office he took such fees ; such indictment must also show in what county the offense was committed.

The word "there" is used to refer to a place before particularly designated, and is not always equivalent to the expression, "in the county aforesaid."

An indictment was found against the defendant in the District Court for Nicollet County for the crime of extortion; the defendant interposed a demurrer to the indictment, which was overruled by the court, and the defendant was tried and convicted. A motion was made in behalf of defendant in arrest of judgment, and for a new trial, upon the ground, that 1, the indictment does not charge an offense. 2, the offense sought to be charged is not indictable. The Judge of the court below deeming these questions so important and so doubtful as to require the decision of the Supreme Court, reported the case to this court under the statute. The indictment is set out in full in the opinion.

WM. COLVILL, Attorney General.

E. ST. JULIEN COX, for Defendant.

*By the Court*—Wilson, Ch. J.  The indictment in this case is in the following form :

" *District Court for the County of Nicollet, and State of Minnesota.*

THE STATE OF MINNESOTA,

  *agst.*    } INDICTMENT.

G. ADDISON BROWN.

G. Addison Brown, is accused by the Grand Jury of the county by this indictment, of the crime of *extortion*, committed as follows :  The said G. Addison Brown, in the years of our Lord eighteen hundred and sixty-four, and eighteen hundred and sixty-five, and on divers days during said years, and prior to the first day of April, A. D. 1865, then and there being Judge of Probate of the county of Nicollet, and State of Minnesota, duly and legally elected and qualified to perform the duties of Judge of Probate, and having jurisdiction over the estates of deceased persons and persons under guardianship, did then and there under color of office, in the matter of the estate of Jacob Mauerle, wilfully, knowingly, corruptly and extorsively demand, take and receive of and from one Henry A. Subilia, administrator of said estate, to the injury of Zezilia Mauerle, widow, Theresa, Mary and Louisa Mauerle, heirs of Jacob Mauerle, deceased, as fees in his own behalf, in the settlement of said estate, the sum of forty-three dollars in excess of all fees allowed by law in cases not audited and certified to be just by a Judge of the district court of the county ; and the Grand Jury aforesaid charge the fact to be, that no contest was had in the settlement of the estate aforesaid, and no extra fees were audited and certified to be just in the matter of said estate by any Judge of the district court of the county afore-

said; and the Grand Jury aforesaid, charge the said G. Addison Brown with the crime of extortion, committed as aforesaid in taking the said sum of forty-three dollars as aforesaid, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Minnesota.

Dated at Saint Peter, in the county of Nicollet, the 5th day of May, A. D. 1866.

ALBERT KNIGHT,<br>Foreman of the Grand Jury."

Names of witnesses examined before the Grand Jury.— George Hezlep, Wm. G. Gresham. (Endorsed correctly.)

To the indictment the defendant demurred, on the ground that there is no offense charged therein. The demurrer having been overruled, and the defendant tried and found guilty, he moved in arrest of judgment, because, 1, the indictment does not charge an offense; 2, the offense sought to be charged is not indictable. The second ground urged in arrest of judgment is not tenable, for extortion is made a misdemeanor by our statute, and is therefore indictable.

But we think the indictment bad—while our statute dispenses with mere formality, or technicality, it requires certainty in every material allegation or charge; this indictment does not clearly or certainly state whether the defendant claimed and received the fees, as Judge of Probate, or as some other officer; it is alleged that he took the fees "by color of office,"—by color of what office is not stated; it is alleged that he was at the time Judge of Probate of Nicollet county, but not that he took the fees as such officer, or in a case or proceedings pending before him, or for any duties performed by him as such officer; this is a fatal defect. It does not show what fees were due, if any, or what amount he collected, which the authorities seem to require. *State vs. Coggswell*, 3 *Blackford*,

State of Minnesota v. Brown.

55; *People vs. Rust*, 1 *Caine's Rep's*, 130; 2 *Bishop's Crim. Procedure*, sec. 321, *chap.* 325; *Comyn's Dig., Extortion*, 6.

It does not positively allege where the offense was committed. The word "there" is in indictments used to refer to a place before particularly designated; but in this case, the venue or place of the commission of the offence, is not positively alleged, or certainly indicated. Without reference to any place or county, except as a description of the court, or of the grand jury, or as a description of the office held by the defendant, it is alleged, that he "*then and there*" did extorsively demand, &c. *There*, in the connection here used, is not equivalent to the expression "in the county aforesaid," and does not certainly show the county in which the crime was committed. See *Kennedy vs. Commonwealth*, 3 *Bibb.*, 490.

The forms of indictment at common law, or under our statutes, we think furnish no precedent for this one. On the last ground of objection named, the Courts of N. C. seem to hold a different doctrine. *State vs. Tolever*, 5 *Iredell*, 452; *State vs. Bell*, 3 *ib.*, 506. But we think the weight of authority, and the better reason, lead to the conclusion above stated.

Cause remanded.