## COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

### September, 1921.

## THE PEOPLE v. ACA PETROVICH.

(116 Misc. 528.)

INDICTMENT—JURISDICTION.

Before the words "then and there" in an indictment can have the effect of indicating jurisdiction, it must be alleged that the crime was committed within the jurisdiction of the court.

Where an indictment found in the Court of General Sessions of the county of New York charged that defendant did feloniously attempt to obtain from one Z., an officer and stockholder of a corporation engaged in the county of New York and elsewhere in the publication and distribution of a certain daily newspaper, a certain number of the shares of the stock of said corporation by means of a threat "then and there made to do an unlawful injury to the property of said corporation" by preventing, persuading and obstructing advertisers from inserting advertisements in the said newspaper, but the indictment did not state that the crime was committed in New York county, a demurrer on the ground that the crime charged was not committed within the jurisdiction will be sustained, but with leave to resubmit the case to another grand jury.

DEMURRER to indictment.

*Jacobson & Pollock,* for demurrer.

*Edward Swann, District Attorney (Ferdinand Q. Morton,* of counsel), in opposition.

NOTT, J.:

The grounds of the demurrer requiring attention from the court are, *first,* that the crime was not committed within the jurisdiction; *second,* that more than one crime was charged in the indictment; and, *third,* that the facts stated do not constitute a crime.

The indictment charges the defendants with attempted extortion. It alleges that the Croation Printing and Publishing Company was a New York corporation "engaged in the City and County of New York and elsewhere in the business of editing, publishing and distributing a certain daily newspaper," and that one Zotti was an officer and stockholder in the corporation; and that the defendants did feloniously attempt to obtain from said Zotti 1,000 shares of the stock of said corporation by means of a threat, "then and there made to do an unlawful injury to the property of the said corporation;" that is to say, by preventing, persuading and obstructing advertisers from inserting advertisements in the said newspaper.

The fact that the paper was published in the city and county of New York, of course, has no logical tendency to prove that the threats were made there, and I do not think that the allegation, as drawn in the indictment, is sufficient to establish the jurisdiction. In my opinion, before the words "then and there" can have the effect of indicating jurisdiction, there must be an allegation in the indictment that the crime was committed in the county, after which the use of the words "then and there" is proper. In this indictment, however, it is not stated that the crime was committed in New York county. There is simply an allegation that a newspaper was published in the county of New York. In State v. Brown (12 Minn. 490), the indictment alleged that the defendant held the office of judge of probate of the county of Nicolette. Later in the indictment it was alleged that the defendant "then and there" did certain acts alleged as an offense. It was held that the mere statement of the county in which the defendant was a probate judge did not indicate the county in which the crime was committed.

For this reason, the demurrer must be sustained on this ground.

As to the second ground, I am of the opinion that the demurrer should be overruled, under the provisions of section

279 of the Code of Criminal Procedure, which provides that where acts may constitute different crimes, such crimes may be charged in separate counts of the same indictment.

Under the third ground of the demurrer, the defendant argues that it is nowhere alleged in the indictment that the defendant had any such power or influence or position with advertisers as would enable him to make good any threat made. If the defendants were in no such position, it would be a question whether their threats could have induced any fear on the part of the complainant.

If this indictment were for the completed crime of extortion —where fear is an essential element—the question would then deserve further consideration whether the grounds of fear were required to be set forth in the indictment or whether the allegation that complainant was in fact put in fear would be sufficient. This indictment, however, is for attempted extortion, in which crime the element of fear may be lacking, provided the defendants committed overt acts in an attempt to extort money, which acts had a tendency to carry out the crime but failed to do so. I am, therefore, of the opinion that whatever may be the case where the indictment charges extortion, it is not necessary to set forth the grounds of the complainant's fear where the indictment charges only an attempt.

The demurrer is allowed on the first ground thereof. As this ground of the demurrer, however, is easily curable, an order will be entered directing the case to be resubmitted to another grand jury.

Ordered accordingly.